## No. 9704.

### GERARD v. COSTEN.

1. PRACTICE IN ERROR—*Oral Evidence*, heard in the court below is, upon error, viewed in the light most favorable to the party prevailing below.

2. CONTRACT—*Undue Influence—Promise to Marry.* Bill to vacate a conveyance of lands upon the ground of undue influence, plaintiff alleging that the defendant promised to marry him, and by reason of this promise the defendant had acquired influence over him, and had induced him to execute the conveyance without consideration.

The evidence examined, and held to justify a finding for defendant below.

*Error to Kiowa District Court, Hon. C. S. Essex, Judge.*

Mr. S. S. PACKARD, for plaintiff in error.

Mr. CHARLES B. HUGHES and Mr. L. E. LANGDON, for defendant in error.

Mr. Justice Allen delivered the opinion of the court.

THIS is a suit to set aside two deeds which had been executed and delivered by the plaintiff to the defendant. Relief is sought upon the ground of undue influence. The complaint alleges "that about the year 1909 the said defendant falsely and fraudulently promised to marry the plaintiff without any intention of carrying out or perform-

ing said promise"; that she has ever since refused to fulfill the promise; that by reason of the promise the relations between plaintiff and defendant became confidential, and that "defendant acquired thereby an undue influence over the mind of the plaintiff"; that she exercised such undue influence, and thereby induced the plaintiff to execute and deliver the deeds in question.

The answer denied the foregoing allegations, and for a further defense alleged facts showing that the deeds were made for a valuable consideration.

The trial court found the issues for the defendant, and dismissed the case. The plaintiff brings the cause here for review, and contends that the court should have found the issues for the plaintiff instead of for the defendant.

One of the deeds in question was executed and delivered on January 5, 1914, and the other on January 16, 1915. The plaintiff testified that each deed was executed without any consideration, and that the conveyance was made because the defendant had promised to marry him. On the other hand, there was evidence adduced by the defendant which is amply sufficient to sustain a finding that for each deed there was a consideration in money, and that the consideration was adequate.

There is sufficient evidence to support the trial court's finding, if the same may be implied from its general finding, that the defendant never promised to marry the plaintiff. Assuming, however, that such promise was made, and assuming further, without conceding or deciding, that the relations between the parties were of such a confidential nature as to raise the presumption of undue influence, such circumstances would not, in this case, affect the result. The evidence in the case still remains sufficient to justify a finding that no undue influence was exercised by the defendant over the plaintiff in connection with the execution of the deeds in question.

The evidence in the case is both oral and documentary. The former should be viewed in the light most favorable to the party prevailing below, in this case the defendant. As

to the documentary evidence, we are at liberty to draw our own deductions from an original examination of the same. On reviewing the record, under the foregoing rules, we conclude that the evidence warrants the judgment.

The judgment is affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.